IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-550-FL

| | |
|---|---|
| DEBRA VANHOLTEN a/k/a Debra Vanholten Shannon, ) ) ) Plaintiff, ) ) v. ) ) SUNRISE SENIOR LIVING and SUNRISE OF CARY, ) ) ) Defendants. | ORDER |

This matter is before the court upon defendant Sunrise Senior Living's[1] motion to dismiss, or alternatively, to compel enforcement of a dispute resolution agreement (DE 17), motion to strike (DE 21), and motion to seal (DE 24).[2] The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, defendant Sunrise Senior Living's motions are granted in part and denied in part as moot.

## STATEMENT OF THE CASE

Plaintiff commenced this action pro se on October 19, 2020, asserting claims for discrimination, wrongful termination, and retaliation. Plaintiff seeks damages for alleged pain and

---

[1] Defendants indicate that Sunrise Senior Living and Sunrise of Cary are improperly named as defendants, and at the appropriate time, they will seek consent of plaintiff or move the court to substitute Sunrise Senior Living Management, Inc. as the properly named defendant. (Mem. (DE 18) at 1, n.1). At this juncture, defendants have not moved for substitution. For purposes of the instant motions and order, the court treats defendants Sunrise Senior Living and Sunrise of Cary as synonymous with Sunrise Senior Living Management, Inc., and all references to defendant Sunrise Senior Living, even though expressed in the singular, refer collectively to Sunrise Senior Living, Sunrise of Cary, and Sunrise Senior Living Management, Inc.

[2] Plaintiff filed documents entitled "motion and order for continuance" (DE 20) and "motion for bench trial" (DE 26). Because these documents are more properly construed as responses in opposition to defendant Sunrise Senior Living's motions, rather than motions for relief, the clerk is directed to terminate them.

suffering. Defendant Sunrise Senior Living filed the instant motion to dismiss, or alternatively, to compel enforcement of a dispute resolution agreement on January 7, 2021, relying upon: 1) memorandum of law; 2) declaration of Laurie Pack ("Pack"), the Senior Vice President of Human Resources for defendant Sunrise Senior Living; 3) correspondence with plaintiff; and 4) an August 19, 2019, dispute resolution agreement between plaintiff and defendant Sunrise Senior Living.

Plaintiff responded in opposition on January 25, 2021, relying upon: 1) a "Welcome to Sunrise" letter written by defendant Sunrise Senior Living's chief executive officer; 2) defendant Sunrise Senior Living's position description for lead care manager; 3) defendant Sunrise Senior Living's policy on abuse, neglect, and exploitation; 4) "To Whom It May Concern" letter written by plaintiff; 5) Confidential Separation Agreement and General Release between plaintiff and defendant Sunrise Senior Living; and 6) correspondence between plaintiff and defendant Sunrise Senior Living's counsel (collectively "the attachments").

On February 8, 2021, defendant Sunrise Senior Living filed the instant motion to strike the attachments, along with certain statements in plaintiff's response, on grounds that they are immaterial, impertinent, scandalous, and otherwise improper. In support, defendant Sunrise Senior Living relies upon declaration of Pack and correspondence between its counsel and plaintiff. That same day, defendant Sunrise Senior Living replied in support of its motion to dismiss. On February 12, 2021, defendant Sunrise Senior Living filed the instant motion to seal the same information that is the subject of its motion to strike.

On February 25, 2021, plaintiff responded in opposition to defendant Sunrise Senior Living's motions to strike and seal, relying upon a purported affidavit of plaintiff. Defendant Sunrise Senior Living replied in support on March 10, 2021.

2

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. During plaintiff's employment with defendant Sunrise Senior Living, plaintiff allegedly observed unprofessional and unsafe situations. (Compl. (DE 1) at 2). Plaintiff alleges that she reported these situations "through chain of command", and when no actions were taken, she sent a letter "to corporate" reiterating her concerns. (Id.). In response, plaintiff allegedly received a call "from corporate" placing her on administrative leave. (Id.).

Two weeks later, plaintiff received two calls from Nathan Robinson ("Robinson"), who allegedly told plaintiff about an incident that never happened, and he allegedly directed plaintiff to file a report on the incident. (Id.). Plaintiff alleges she had no knowledge of the incident referred to by Robinson. (Id.). After being on administrative leave for one month, plaintiff received a telephone call from "corporate Deandra Benitez", informing plaintiff that she was fired. (Id.).

## COURT'S DISCUSSION

A.  Motion to Dismiss or Compel Enforcement of Dispute Resolution Agreement

Section 3 of the Federal Arbitration Act ("FAA") provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Section 4 authorizes a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition [a] United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Section 4 provides that, when presented with such a motion, a court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration .

. . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Id.

In reviewing a motion to compel arbitration, the "court accepts as true the allegations in the complaint that relate to the underlying dispute between the parties." Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd., 944 F.3d 225, 233 (4th Cir. 2019) (quotations omitted). If, however, the "'making of the arbitration agreement be in issue,' then 'the court shall proceed summarily to the trial thereof.'" Id. (quoting 9 U.S.C. § 4). The court is obliged to conduct a trial only "when a party unequivocally denies 'that an arbitration agreement exists,' and 'show[s] sufficient facts in support thereof," under a summary judgment standard. Id. (quoting Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 564 (4th Cir. 2015)).

When faced with a motion to compel arbitration, the court analyzes only two "gateway matter[s]." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2006). First, the court must determine whether "a valid agreement to arbitrate exists between the parties." Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999). Second, where the court concludes there is such an agreement, the court next asks whether "the specific dispute falls within the substantive scope of that agreement." Id.

Here, the "gateway matter[s]" are satisfied. Howsam, 537 U.S. at 83. First, the dispute resolution agreement is valid, where it is in writing and executed by plaintiff personally. (See Dispute Resolution Agreement (DE 18-2) at 3-4). Although plaintiff lists in summary fashion certain contract defenses, such as mistake, misrepresentation, illegality, and contracts that " would cause injury to a person or property", (see (DE 28) at 2), she does not explain the relevance of those defenses to the instant matter, and nothing in record suggests that those defenses apply. Plaintiff also argues that defendant Sunrise Senior Living's motion be should denied because she

4

had to sign the dispute resolution agreement before being hired.  However, the United States Court of Appeals for the Fourth Circuit has long held that predispute agreements to arbitrate claims in the employment context are valid and enforceable.  Phillips, 173 F.3d at 937 ("Predispute agreements to arbitrate Title VII claims are thus valid and enforceable.").

Second, the scope of the dispute resolution agreement is clear and broad, stating that defendant Sunrise Senior Living and plaintiff "both agree to use the three-step program in this agreement to resolve any and all legal disputes that may come up between during or after your employment that arise out of or relate in any way to your employment or its termination."  (Id. at 3).  Plaintiff's claims for discrimination, wrongful termination, and retaliation, which arise out of her employment and termination, fall squarely within the scope of the agreement.

The dispute resolution agreement carves out an exemption for "claims that may not by law be covered by an arbitration agreement, such as . . . certain whistleblower retaliation claims."  (Id. at 3-4).  Although plaintiff asserts a claim for retaliation, it falls outside of the foregoing exemption.  Plaintiff does not cite any statute as a basis for her retaliation claim, let alone a statute that establishes a cause of action for whistleblower retaliation and prohibits arbitration of the same.  Construing plaintiff's complaint liberally, as the court must, plaintiff's retaliation claim sounds under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") 42 U.S.C. § 2000e et seq., and importantly, "Title VII is not a general whistleblower statute."  Lightner v. City of Wilmington, N.C., 545 F.3d 260, 264 (4th Cir. 2008); Bonds v. Leavitt, 629 F.3d 369, 384 (4th Cir. 2011) ("Title VII is not a general bad acts statute, [ ] and it does not prohibit private employers from retaliating against an employee based on her opposition to [ ] practices that are outside the scope of Title VII.").  Thus, where any "ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration", Adkins v. Lab. Ready, Inc., 303 F.3d 496, 500 (4th Cir.

2002) (citation omitted), the court concludes that plaintiff's retaliation claim falls outside of the exemption, and therefore, is subject to the dispute resolution agreement.

Having found that the parties entered into valid dispute resolution agreement, which encompasses all of plaintiff's claims asserted in this action, the court grants defendant Sunrise Senior Living's motion to dismiss.[3]  See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709–10 (4th Cir. 2001) ("[T]he FAA requires a district court, upon motion by any party, to stay judicial proceedings involving issues covered by written arbitration agreements . . . Notwithstanding the terms of [9 U.S.C.] § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." (citation omitted)).

B.   Motion to Seal

Defendant Sunrise Senior Living seeks seal of the following: 1) all references to settlement negotiations in plaintiff's response in opposition; 2) the Confidential Separation Agreement and General Release between plaintiff and defendant Sunrise Senior Living; 3) the "Welcome to Sunrise" letter, written by defendant Sunrise Senior Living's chief executive officer; 4) defendant Sunrise Senior Living's position description for lead care manager; 5) defendant Sunrise Senior Living's policy on abuse, neglect, and exploitation; and 6) the "To Whom It May Concern" letter,

---

[3] Although defendant Sunrise Senior Living's motion to dismiss or alternatively to compel enforcement of dispute resolution agreement notes that "[d]efendants respectfully request attorney's fees in light of Plaintiff's unreasonable failure to submit to the legal dispute process outlined in the Agreement," (Mot. (DE 17) ¶ 8), defendant Sunrise Senior Living does not expand on this argument in its briefing, failing to explain how, in this case, "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or otherwise meriting such fees and costs. Cf. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Further, the court is mindful that "[t]he Christiansburg standard is applied with particular strictness when the plaintiff is proceeding pro se," Vester v. Murray, No. 88-7564, 1989 WL 68870, at *1 (4th Cir. June 21, 1989) (per curiam), and that "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims," Hughes v. Rowe, 449 U.S. 5, 15 (1980).  Accordingly, insofar as defendant Sunrise Senior Living's motion for fees is not abandoned, the court denies the motion.

written by plaintiff. According to defendant Sunrise Senior Living, the foregoing documents contain evidence of settlement negotiations, proprietary business information, and confidential information of non-parties.

The public right of access, which derives from the common law and the First Amendment, only attaches to "judicial records"—that is documents that "play a role in the adjudicative process, or adjudicate substantive rights." In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290–91 (4th Cir. 2013). Here, the documents at issue are not "judicial records", because they played no role in the court's decision on motion to dismiss, or alternatively, to compel enforcement of dispute resolution agreement; therefore, neither the common law nor the First Amendment right of public access attaches to these documents. In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d at 290–91 ("Documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights."); see also In re Policy Mgmt. Sys. Corp., Nos. 94–2254, 94–2341, 1995 WL 541623, at *3–4 (4th Cir. Sept. 13, 1995) ("Because documents filed with a motion to dismiss that are excluded by the court do not play any role in the adjudicative process . . . the documents . . . are not subject to the First Amendment guarantee of access . . . a document must play a relevant and useful role in the adjudication process in order for the common law right of public access to attach."); Cochran v. Volvo Grp. N. Am., LLC, 931 F. Supp. 2d 725, 727 (M.D.N.C. 2013) (holding that documents filed in connection with a motion to dismiss "were not judicial records because they were not considered by the court in adjudication of the motion"). Accordingly, defendant Sunrise Senior Living's motion to seal is granted.

C.     Motion to Strike

Defendant Sunrise Senior Living requests that the following be stricken from the public record: 1) all references to settlement negotiations in plaintiff's response in opposition; 2) the Confidential Separation Agreement and General Release between plaintiff and defendant Sunrise Senior Living; 3) the "Welcome to Sunrise" letter, written by defendant Sunrise Senior Living's chief executive officer; 4) defendant Sunrise Senior Living's position description for lead care manager; 5) defendant Sunrise Senior Living's policy on abuse neglect, and exploitation; and 6) the "To Whom It May Concern" letter, written by plaintiff. As discussed above, the court seals these documents. Therefore, defendant Sunrise Senior Living's motion to strike is denied as moot.

## CONCLUSION

Based on the foregoing, defendant Sunrise Senior Living's motion to dismiss, or in the alternative, to compel enforcement of dispute resolution agreement (DE 17) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. To the extent plaintiff wishes to pursue her claims against defendant Sunrise Senior Care, she must proceed through the dispute resolution process in accordance with the terms of the agreement. (See DE 18-2). For reasons given, defendant Sunrise Senior Living's request for attorneys' fees is DENIED.

Defendant Sunrise Senior Living's motion to seal (DE 24) is GRANTED, and its motion to strike (DE 21) is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge